David Henderson
Law Offices of David Henderson
3003 Minnesota Drive, Suite 203
Anchorage, AK 99503
Phone: 907-677-1234
Fax: 888-965-9338
dh@henderson-law.com

Kenneth A. Norsworthy
Law Office of Kenneth A. Norsworthy, LLC
711 H Street, Suite 410
Anchorage, AK 99501
Phone: 907-279-1000
Fax: 907-276-4125
ken@norsworthylawfirm.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| R'Nita L. Rogers, Individually, and as Special Administrator of the Estate of John Joseph Rogers; Aurora L. Rogers, <br><br> Plaintiffs, <br><br> vs. <br><br> United States of America, <br><br> Defendant. | ) ) ) ) ) ) ) ) Case No. _____ ) ) ) ) ) |

**COMPLAINT FOR MEDICAL MALPRACTICE**

COME NOW Plaintiffs, by and through counsel, and hereby state and allege as follows:

## Parties and Jurisdiction

1. At all times pertinent, Plaintiffs' decedent, John J. Rogers [hereinafter "John"], R'Nita Rogers [hereinafter "R'Nita"] and Aurora Rogers [hereinafter "Aurora"] were all adult residents of Anchorage, Alaska.

2. At all times pertinent, said John and R'Nita were legally married as husband and wife.

3. At all times pertinent, John and R'Nita were the natural parents of Plaintiff Aurora Rogers.

4. At all times pertinent, Aurora Rogers was a dependent of John and R'Nita.

5. On or about June 26, 2016, John died.

6. On November 13, 2018, Plaintiff R'Nita Rogers was appointed as Special Administrator of her deceased husband, John Roger's Estate by the Alaska Superior Court in Case No. 3AN-18-02815 PR, pursuant to A.S. 13.16.310 (1) and is thereby duly authorized by law to pursue this cause of action on behalf of said estate.

7. Defendant United States of America owns and operates a hospital facility in Anchorage, Alaska, offering comprehensive medical treatment and care to military veterans, called "the Anchorage VA Healthcare System," formerly- or also known as, "the Anchorage VA Medical Center."

COMPLAINT FOR MEDICAL MALPRACTICE
*Rogers v. U.S.A.*                    2

8. Defendant United States of America also owns and operates the "Mat-Su Clinic," a hospital facility in Wasilla, Alaska, which also provides comprehensive medical care and treatment to military veterans.

9. In the nine-year period leading up to his death, John underwent medical treatment as a patient at the Anchorage VA Health Center and the Mat-Su Clinic.

10. Various medical practitioners and nurses, employed by Defendant's agencies and agents, and acting within the scope of that agency and/or employment, tended-to and treated John during his above-referenced visits and stays at the named facilities.

11. More than six months ago, Plaintiffs submitted the claim giving rise to the instant suit by way of a series of "Claim for Damage, Injury, or Death" forms [Standard Form 95's] filed with the appropriate federal agency or counsel within the contemplation of 28 USC § 2675(a).

12. Said agency or counsel has denied the claim, either expressly or by failing to make a final disposition of it within six months, as contemplated by 28 USC § 2675(a).

13. The instant action is properly brought pursuant to the Federal Tort Claims Act, 28 USC §§ 1346, 2401 and 2671, *et seq*.

COMPLAINT FOR MEDICAL MALPRACTICE
*Rogers v. U.S.A.*                                      3

LAW OFFICES OF DAVID HENDERSON
3003 Minnesota Drive, Suite 203
Anchorage, Alaska  99503
Phone: (907) 677-1234 - Facsimile: (888) 965-9338
dh@henderson-law.com

## General Allegations

14. For many years, John had been infected with Seroconverted Hepatitis B, a condition that places one substantially at risk for developing liver cancer.

15. For years, he had also presented himself as a patient at the Anchorage VA Healthcare System and the Mat-Su Clinic.

16. Despite having ample and long-standing notice of the various and unmistakable signs, symptoms, markers, risk-factors, and indicators that John had, and/or was at-risk for having, dangerous liver cancer, Defendant's practitioners failed to adequately monitor, test for or treat it.

17. Ultimately, doctors finally confirmed that John did have advanced stage liver cancer.

18. After a long, painful, and agonizing period of suffering, misery, and decline, John died from it.

19. Had Defendant's medical practitioners adequately monitored, tested-for and treated John's liver cancer in a timely manner, they could have arrested it far sooner and John likely would have survived.

20. Their failure to do so fell below the standard of care and constituted negligence.

COMPLAINT FOR MEDICAL MALPRACTICE
*Rogers v. U.S.A.*                     4

LAW OFFICES OF DAVID HENDERSON
*3003 Minnesota Drive, Suite 203*
*Anchorage, Alaska  99503*
*Phone: (907) 677-1234 - Facsimile: (888) 965-9338*
*dh@henderson-law.com*

21. As a direct and proximate result of defendant United States' negligence, Plaintiffs have incurred and will incur economic losses, both past and future, including: (a) medical expenses, past and future; (b) loss of earnings and earning capacity, past and future; (c) loss of household- and non-market services, past and future, and; (d) other consequential and out-of-pocket expenses and damages, past and future.

22. As a direct and proximate result of the above-described medical malpractice and injuries, Plaintiffs have suffered and will suffer non-economic damages, both past and future, as allowed in AS 09.55.549(c).

23. As a direct and proximate result of the above-described medical malpractice and injuries, R'Nita has suffered and will suffer loss of spousal consortium, services, love, and support.

24. As a direct and proximate result of the above-described medical malpractice and injuries, Aurora has suffered and will suffer loss of parental consortium, services, love, and support.

### First Cause of Action
### Negligence and Recklessness

25. Plaintiffs reincorporate and reallege the foregoing paragraphs, as if fully-alleged here.

LAW OFFICES OF DAVID HENDERSON
3003 Minnesota Drive, Suite 203
Anchorage, Alaska  99503
Phone: (907) 677-1234 - Facsimile: (888) 965-9338
dh@henderson-law.com

26. Defendant's agents, agencies, and/or employees breached the applicable standards of care, with the proximate result that Plaintiffs have sustained significant injuries and damages.

27. Defendant's agents, agencies, and/or employees also acted recklessly within the contemplation of AS 09.55.549(f).

28. Defendant United States is liable to Plaintiffs for medical negligence, recklessness, and wrongful death, as authorized and contemplated by AS 09.55.530 through .580, in an amount to be proved at trial.

### Second Cause of Action
### Loss of Spousal Consortium – R'Nita

29. Plaintiffs reincorporate and reallege the foregoing paragraphs, as if fully-alleged here.

30. As a proximate result of Defendant's negligent acts, errors and omissions, R'Nita has suffered loss of spousal consortium.

### Third Cause of Action
### Loss of Parental Consortium – Aurora

31. Plaintiffs reincorporate and reallege the foregoing paragraphs, as if fully-alleged here.

32. As a proximate result of Defendant's negligent acts, errors and omissions, Aurora has suffered loss of parental consortium.

\* \* \* \* \*

COMPLAINT FOR MEDICAL MALPRACTICE
*Rogers v. U.S.A.*                                6

WHEREFORE, Plaintiffs pray for judgment as follows:

1) For compensatory damages, as alleged;

2) For costs and attorney's fees, as the Court deems appropriate.

3) For such other relief as the Court may deem just and proper.

DATED at Anchorage, Alaska, this 20th day of December, 2018.

LAW OFFICES OF DAVID HENDERSON

Attorney for Plaintiffs Rogers

s/ David Henderson
David Henderson  #9806014

LAW OFFICES OF KENNETH A NORSWORTHY

Attorney for Plaintiffs Rogers

s/ Kenneth A. Norsworthy
Kenneth A. Norsworthy #7705055

COMPLAINT FOR MEDICAL MALPRACTICE
*Rogers v. U.S.A.*                                  7